IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| YONG SEOK CHOI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:16-CV-491-WKW |
| | ) | |
| C&J TECH ALABAMA, INC. and | ) | |
| CHAN YOUM, | ) | |
| | ) | |
| Defendants. | ) | |

**STIPULATED ORDER AND JUDGMENT APPROVING SETTLEMENT
AGREEMENT AND RELEASES**

Before the court is the Joint Motion (Doc. # 24) to approve the Settlement

Agreement, submit it under seal, and enter a stipulated order and judgment, pursuant

to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b).

The Joint Motion asks the court to approve the proposed Settlement

Agreement (Doc. # 24-1) reached by the parties as to Plaintiff's FLSA claim for

back wages, as required by § 216(b).  *See Lynn's Food Stores, Inc. v. United States*

*of Am. Ex. Rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982) ("When

employees bring a private action for back wages under the FLSA, and present to the

district court a proposed settlement, the district court may enter a stipulated

judgment after scrutinizing the settlement for fairness."); *see also Nall v. Mal-*

*Motels, Inc.*, 723 F.3d 1304, 1307 (11th Cir. 2013) (extending the holding of *Lynn's Food* "to settlements between former employees and employers").

The court has reviewed the Settlement Agreement, the parties' memorandum explaining the basis of the settlement, the amount of recovery, and the litigation's costs and risks.  The court has also considered the representations of counsel that the agreement is the result of "reasonable compromises of the disputed issues."  (Doc. # 24, at 3.)  After careful consideration, the court finds that the Settlement Agreement represents "a fair and reasonable resolution of a bona fide [FLSA] dispute."  *Lynn's Food*, 679 F.2d at 1355.  Accordingly, it is ORDERED as follows:

1.     The Joint Motion (Doc. # 24) is GRANTED, and the Settlement Agreement (Doc. # 24-1) is APPROVED;

2.     All claims in this action are DISMISSED with prejudice on the terms agreed to by the parties;

3.     The court shall retain jurisdiction to enforce this order; and

4.     The Clerk of the Court is DIRECTED to close this case.

DONE this 17th day of March, 2017.

                                        /s/ W. Keith Watkins
                                        CHIEF UNITED STATES DISTRICT JUDGE